**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON AT SEATTLE**

| | |
|---|---|
| D'VONTAVEOUS HOSTON,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES JIN LEE (individually and in his official capacity), THE CITY OF SEATTLE, THE SEATTLE POLICE DEPARTMENT, SEATTLE POLICE DEPARTMENT CHIEF JOHN DIAZ (individually and in his official capacity) and JANE DOE DIAZ (and the marital community composed thereof), OFFICER KERRY ZIEGER (individually and in his official capacity) and JANE DOE ZIEGER (and the marital community composed thereof), DETECTIVE R.C. NORTON (individually and in his official capacity) and JANE DOE NORTON (and the marital community composed thereof), JOHN DOES 1-10 (individually and in their official capacities) (comprising as yet unidentified officers, supervisors, decision makers, and policymakers of the Seattle Police Department).<br><br>Defendants. | CAUSE NO.<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF CIVIL RIGHTS AND STATE LAW TORTS**<br><br>**JURY TRIAL DEMANDED** |

D'VONTAVEOUS HOSTON, the Plaintiff herein, by and through the undersigned attorneys, hereby alleges as follows:

CARNEY
GILLESPIE
ISITT

CHRISTOPHER CARNEY
CHRISTOPHER.CARNEY@CGI-LAW.COM
100 W. HARRISON ST. SUITE N440
SEATTLE, WA 98119
T 206 445•0207
F 206 260•2486

## **INTRODUCTION**

On October 18, 2010, Mr. Hoston was the victim of an unjustified and excessive assault inflicted upon him by Seattle Police Department ("SPD") Officer James Lee.  Lee's use of excessive force against Mr. Hoston took place in a convenience store called Joe's Mart and was captured on the store's surveillance cameras.

In a case of mistaken identity, Defendant Lee confronted Mr. Hoston, who had been standing in the store minding his own business.  When confronted, Mr. Hoston, who was then 17 years of age, promptly raised his hands in surrender.  He made no effort to resist or to leave.  Then, with no justification, and apparently in a rage, Defendant Lee charged at Mr. Hoston, kicking him forcefully in the genitals.  After Mr. Hoston fell down to the ground in agony, Defendant Lee continued to kick him in the ribs, and then stomped on his face.  Mr. Hoston made no resistance at any time.  He merely curled into the fetal position in an attempt to protect himself from Defendant Lee's unprovoked and brutal attack.

Defendant Lee has been charged with Fourth Degree Assault for his attack on Mr. Hoston. This charge is pending against Defendant Lee in Seattle Municipal Court, Case No. 567880, and is awaiting trial.

After Defendant Lee assaulted him, Mr. Hoston was wrongfully arrested and prosecuted for a crime of which he was obviously not guilty.  Indeed, after a trial in which a Washington Superior Court Judge reviewed videotapes of the underlying incident, Mr. Hoston was acquitted of all charges.  Mr. Hoston was merely in the wrong place at the wrong time, standing peacefully in a convenience store, when he was mistaken for a criminal suspect and brutally assaulted by Defendant Lee.

**COMPLAINT FOR DAMAGES** - Page 2 of 13

CARNEY
GILLESPIE
ISITT

CHRISTOPHER CARNEY
CHRISTOPHER.CARNEY@CGI-LAW.COM
100 W. HARRISON ST. SUITE N440
SEATTLE, WA 98119
☎ 206 445·0207
🖷 206 260·2486

Even with such clear evidence of excessive force used by Lee, the Seattle Police Department took no disciplinary action against Defendant Lee until the video of the assault against Mr. Hoston was released by local media.  This lack of supervision and discipline is part of a longstanding pattern and practice by the Seattle Police Department to ratify and cover up the use of excessive force by its officers.  Defendant Lee had multiple prior instances of the use of excessive force against Seattle citizens.  Yet despite these multiple prior incidents, the Department continued to allow Defendant Lee to work as a police officer, and it failed to adequately supervise, train or control him.  The assault on Mr. Hoston was therefore facilitated by the SPD's negligence in hiring, training, supervising, and retaining its officers, including but not limited to Defendant Lee.

## I.   JURISDICTION

1.  This action is brought pursuant to 42 U.S.C. § 1983 for violations of Plaintiff's Fourth and Fourteenth Amendments to the U.S. Constitution, and pursuant to various state common law claims.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1332, 1343, and 1367.  Venue is properly set within this district pursuant to 28 U.S.C. § 1391.

2.  The events upon which this suit is based occurred in this judicial district.

3.  Plaintiff is informed and believes, and on that basis alleges, that each of the named defendants residents in this judicial district.

## II.  PARTIES

1.  Plaintiff D'Vontaveous Hoston is a resident of Seattle, Washington.  He is currently 18 years old.

CARNEY
GILLESPIE
ISITT

CHRISTOPHER CARNEY
CHRISTOPHER.CARNEY@CGI-LAW.COM
100 W. HARRISON ST. SUITE N440
SEATTLE, WA 98119
206 445•0207
206 260•2486

2.   Defendant James Jin Lee was an Officer of the Seattle Police Department at the time of the events giving rise to this claim.  On information and belief, Defendant Lee is a resident of this judicial district.  Defendant Lee has been criminally charged with Fourth Degree Assault as a result of his assault on Mr. Hoston.

3.   Defendants John Diaz and Jane Doe Diaz comprise a marital community under the laws of the State of Washington.  John Diaz is the current Chief of the Seattle Police Department.  He therefore has official responsibility over issues of hiring, retention, training, and supervision of Officers of the Seattle Police Department.  He sets the policies and customs of the Seattle Police Department.  On information and belief, Defendant Diaz is a resident of this judicial district.

4.   Defendant City of Seattle is a government entity located in this judicial district, functioning under the laws of the State of Washington.  It employs the officers of the Seattle Police Department, including the officers who were involved in the events giving rise to these claims.  Pursuant to RCW 4.96, the Plaintiff has served the City of Seattle with a claim for damages.  More than 60 days have elapsed since the claim for damages was served on the City of Seattle.  Plaintiff has therefore properly exhausted his claims against the municipal defendants.

5.   Defendant Seattle Police Department is the duly authorized police force for the City of Seattle, and operates within this judicial district.

6.   Defendants Kerry Zieger and Jane Doe Zieger comprise a marital community under the laws of the State of Washington.  Defendant Zieger was present during Defendant Lee's assault on Mr. Hoston, and was directly involved in the wrongful arrest of Mr. Hoston.

7.   Defendants R.C. Norton and Jane Doe Norton comprise a marital community under the laws of the State of Washington.  Defendant Norton is a Detective in the Seattle Police Department.

**COMPLAINT FOR DAMAGES** - Page 4 of 13

CARNEY
GILLESPIE
ISITT

PL LF

CHRISTOPHER CARNEY
CHRISTOPHER.CARNEY@CGI-LAW.COM
100 W. HARRISON ST. SUITE N440
SEATTLE, WA 98119
☎ 206 445•0207
🖷 206 260•2486

He composed the probable cause affidavit that formed the basis for the malicious prosecution of Mr. Hoston.

### III. JURY DEMAND

1.   Pursuant to FRCP 38, the Plaintiff hereby demands a trial by a jury.

### IV. FACTUAL ALLEGATIONS

1.   On October 18, 2010, Defendant Lee was dressed in plainclothes and was part of an undercover drug "buy-bust" operation in the vicinity of 2nd Avenue and Pine Street in downtown Seattle.  As part of this operation, another officer, Raul Vaca, allegedly attempted to purchase drugs from Alexei Selivanoff in a parking lot on 2nd Avenue, just South of Pine Street.  This took place just North of Joe's Mart, a nearby convenience store.

2.   The attempted buy-bust deal failed when Mr. Selivanoff assaulted Officer Vaca.  There were other men who had been standing by at the time of the assault, who apparently fled southbound on foot and were detained by other officers.  Plaintiff Hoston was not part of this group of men.

3.   Prior to this incident, Mr. Hoston had walked into Joe's Mart from the South.  The alleged assault occurred to the North of Joe's Mart.  In other words, Mr. Hoston entered the store from the opposite direction of the site of the alleged assault.

4.   Mr. Hoston and a companion are seen on Joe's Mart surveillance cameras calmly standing in line at the cash register and talking, when suddenly a group of men ran by the store entrance.  The men were running southbound, coming from the North where the assault allegedly occurred.  The video clearly shows that Mr. Hoston and his companion were surprised to see the men sprinting by outside the store, and it shows no evidence whatsoever that Mr. Hoston and his

**COMPLAINT FOR DAMAGES** - Page 5 of 13

CARNEY
GILLESPIE
ISITT

CHRISTOPHER CARNEY
CHRISTOPHER.CARNEY@CGI-LAW.COM
100 W. HARRISON ST. SUITE N440
SEATTLE, WA 98119
206 445•0207
206 260•2486

companion were traveling with the running men or had any involvement with the incident.  Along with the Joe's Mart clerks, Mr. Hoston and his companion then took a few steps outside the store to see what was happening.

5.   Almost immediately after Mr. Hoston walked out of Joe's Mart, surveillance video shows him walk back into the store.  Defendant Lee, dressed in plainclothes including a hooded sweatshirt, ran into the store after Mr. Hoston.  Upon seeing Defendant Lee, Mr. Hoston stood still and raised both hands in an obvious gesture of surrender.  He made no resistance, and did not attempt to move or to leave.  Within seconds, and with no attempt to detain or question Mr. Hoston using less violent means, Defendant Lee charged forward and immediately kicked Mr. Hoston directly in the genitals with a great deal of force.  It appears from the video that Defendant Lee was in a rage and out of control.  Mr. Hoston fell to the ground in agony and curled into a fetal position, attempting to use his arms and legs to protect his torso as Defendant Lee advanced on him with the clear intention of kicking him again.

6.   Although Mr. Hoston was now lying on the ground showing no signs of struggle or threat to the officer, Defendant Lee continued with what became a brutal assault.  He kicked Mr. Hoston in the ribs, and then gratuitously kicked Mr. Hoston in his face.  Mr. Hoston made no effort to counterattack or even to resist beyond curling into the fetal position.  Defendant Lee was preparing to continue his assault on Mr. Hoston, but was prevented from inflicting further injury by a uniformed officer who pushed Defendant Lee off of Mr. Hoston and placed a hand against Defendant Lee's chest to prevent him from continuing his attack.  Mr. Hoston was then handcuffed and placed under formal arrest, ostensibly for the assault of Officer Vaca, a crime in which he was not involved.

CARNEY
GILLESPIE
ISITT

CHRISTOPHER CARNEY
CHRISTOPHER.CARNEY@CGI-LAW.COM
100 W. HARRISON ST. SUITE N440
SEATTLE, WA 98119
206 445·0207
206 260·2486

7.   Obviously, Mr. Hoston had nothing to do with the alleged assault on Officer Vaca, and was merely in the wrong place at the wrong time; a victim of mistaken identity and the target of Defendant Lee's misplaced rage over the alleged assault against a fellow officer.  Mr. Hoston was wrongfully arrested.

8.   As a result of Defendant Lee's assault, Mr. Hoston suffered severe pain and bruising to his genitals and ribs, and suffered additional pain and bruising to the right side of his face from Defendant Lee kicking him as he lay curled into a fetal position.  Defendant Lee's use of force in this instance was clearly excessive and unjustified, and caused harm to Mr. Hoston.

9.   During an investigation interview conducted by Mr. Hoston's attorney in his criminal case, Officer Lee followed the advice of a representative of the Seattle Police Officer's Guild and refused to answer questions concerning his use of excessive force while arresting Mr. Hoston inside Joe's Mart.

10.   During his testimony during the trial of other criminal defendants in the alleged assault on Officer Vaca, Defendant Lee admitted that his written statements regarding the arrest of and use of force against Mr. Hoston contained misleading descriptions of what took place during Defendant Lee's assault.  Specifically, Defendant Lee admitted that his report misleadingly suggested that Mr. Hoston had resisted arrest.

11.  Defendant Lee has since been criminally charged with Fourth Degree Assault for the attack on Mr. Hoston.

12.  Mr. Hoston was charged with attempted robbery as a result of this incident.  This prosecution went forward despite the fact that videotaped evidence proved that Mr. Hoston had no involvement in the underlying crime.  Defendant Norton composed the probable cause affidavit

**COMPLAINT FOR DAMAGES** - Page 7 of 13

CARNEY
GILLESPIE
ISITT

PLLF

CHRISTOPHER CARNEY
CHRISTOPHER.CARNEY@CGI-LAW.COM
100 W. HARRISON ST. SUITE N440
SEATTLE, WA 98119
206 445•0207
206 260•2486

upon which this prosecution was based.  As a result of this malicious prosecution, Mr. Hoston was confined on electronic home detention for approximately four months.  He was wrongfully confined and deprived of his freedom.

13.  After the Judge viewed the relevant videotapes during Mr. Hoston's trial, Mr. Hoston was acquitted of all criminal charges.  The videos in question demonstrated unequivocally that Mr. Hoston had no involvement with any alleged assault or robbery of Officer Vaca.  He was merely in the wrong place at the wrong time.

14.  The Seattle Police Department has a long-standing problem in the hiring, training, supervision, and retention of its officers around use of force issues.  Defendant Lee himself has had several prior instances of the excessive use of force, including one prior case in which the Seattle Police Department paid the victim of an assault by Defendant Lee $11,000 to settle an excessive force claim.  Nonetheless, the Department retained Defendant Lee and allowed him to continue working as a police officer, apparently without adequate training or other supervision to prevent him from continuing to use excessive force against the citizens of Seattle.

15.  The Department's ongoing struggles in this area are now well known.  The United States Department of Justice is currently investigating the Seattle Police Department regarding its apparent pattern and practice of tolerating, and ratifying, the excessive use of force.  There has been a systematic lack of accountability for police abuses within the Seattle Police Department, which is causally related to the eventual assault on Mr. Hoston.

CARNEY
GILLESPIE
ISITT

CHRISTOPHER CARNEY
CHRISTOPHER.CARNEY@CGI-LAW.COM
100 W. HARRISON ST. SUITE N440
SEATTLE, WA 98119
206 445•0207
206 260•2486

# V.  CAUSES OF ACTION

## A.  EXCESSIVE USE OF FORCE PURSUANT TO 42 U.S.C. § 1983 AGAINST DEFENDANT LEE

1.  In committing the acts of complained of, Defendant Lee acted under color of state law to deprive plaintiff of his constitutionally protected rights to be free from the excessive use of force.

2.  Defendant Lee, without legal justification, brutally assaulted Mr. Hoston, who was not involved in any crime and who made no effort to resist the officer, or to leave.

3.  Defendant Lee has now been charged with criminal assault for his attack on Mr. Hoston.

4.  Defendant Lee's unprovoked, unjustified, and excessive use of force deprived Mr. Hoston of his constitutionally protected rights, and was the direct and proximate cause of damages to Mr. Hoston as alleged in this Complaint.

## B.  WRONGFUL ARREST PURSUANT TO 42 U.S.C. § 1983 AGAINST DEFENDANTS LEE AND ZIEGER

1.  On the date in question, Mr. Hoston had no involvement in the alleged assault on Officer Vaca and the alleged attempt to rob Officer Vaca.  There was no evidence whatsoever linking him to those alleged crimes.  Mr. Hoston has been acquitted of all charges after a bench trial.

2.  Despite the lack of evidence linking him to a crime, after Defendant Lee assaulted Mr. Hoston, Defendants Lee and Zieger wrongfully arrested Mr. Hoston without probable cause, for a crime he did not commit.

3.  This wrongful arrest was without justification and deprived Mr. Hoston of his constitutionally protected right to be free from unreasonable search and seizure, and was the direct and proximate cause of damages to Mr. Hoston as alleged in this Complaint.

## C.  MALICIOUS PROSECUTION PURSUANT TO 42 U.S.C. § 1983 AGAINST DEFENDANTS LEE AND NORTON

CARNEY
GILLESPIE
ISITT

CHRISTOPHER CARNEY
CHRISTOPHER.CARNEY@CGI-LAW.COM
100 W. HARRISON ST. SUITE N440
SEATTLE, WA 98119
206 445•0207
206 260•2486

1.  Mr. Hoston had no involvement in the alleged assault on Officer Vaca and the alleged attempt to rob Officer Vaca.  There was no evidence linking him to those alleged crimes.  Indeed, video evidence demonstrated clearly that Mr. Hoston had no involvement in those alleged crimes. There was therefore no probable cause to pursue criminal prosecution of Mr. Hoston.

2.  Despite the lack of any evidence linking him to a crime, Defendants Lee and Norton acted wrongfully to falsely accuse Mr. Hoston of a crime, and to provide a false basis for a probable cause finding against Mr. Hoston.  They did so to infringe Mr. Hoston's constitutionally protected rights of free speech, including the right to complain about the excessive use of force and wrongful arrest by Defendants Lee and Zieger.

3.  The prosecution of Mr. Hoston was therefore done with malice, and without justification.  This deprived Mr. Hoston of his constitutionally protected right to be free from malicious prosecution, and was intended to deprive him of other constitutionally protected rights. This malicious prosecution was the direct and proximate cause of damages to Mr. Hoston as alleged in this Complaint.

**D.      NEGLIGENT HIRING, RETENTION, SUPERVISION, AND TRAINING PURSUANT TO 42 U.S.C. § 1983 AGAINST THE SEATTLE POLICE DEPARTMENT, THE CITY OF SEATTLE, JOHN DIAZ, AND DOE DEFENDANTS**

1.  The defendants are duty bound to hire, train, supervise, and retain employees of the Seattle Police Department to ensure that those employees do not violate the constitutional rights of the citizens of Seattle.

2   In the case of Defendant Lee, the defendants failed miserably in these duties.  Defendant Lee was the subject of a prior use of force lawsuit when he served as a police officer in the State of

**COMPLAINT FOR DAMAGES** - Page 10 of 13

CARNEY
GILLESPIE
ISITT

CHRISTOPHER CARNEY
CHRISTOPHER.CARNEY@CGI-LAW.COM
100 W. HARRISON ST. SUITE N440
SEATTLE, WA 98119
206 445•0207
206 260•2486

California.  He was nevertheless hired by the Seattle Police Department, and on information and belief there were no special conditions on his employment or special training provided.

3.  Prior to his assault on Mr. Hoston, Defendant Lee was involved in several excessive use of force incidents while employed by the Seattle Police Department.  The SPD was negligent in its failure to provide sufficient training and supervision to prevent repeated instances of this conduct by Defendant Lee.  Moreover, the decision to retain Defendant Lee as a police officer was negligent, and ultimately resulted in the deprivation of Mr. Hoston's constitutional rights.

4.  On information and belief, the Seattle Police Department has a pattern and practice of failing to adequately hire, train, supervise, discipline, and retain its officers around use of force issues.  As a result, a culture of unaccountability has developed which facilitates and encourages continuing violations of the constitutional rights of Seattle citizens.  The Seattle Police Department is currently under investigation by the United States Department of Justice regarding these issues.

5.  Defendant's negligence in hiring, training, supervising, and retaining its officers, including Lee, deprived Mr. Hoston of his constitutionally protected rights and was the direct and proximate cause of damages to Mr. Hoston as alleged in this Complaint.

**E. PATTERN AND PRACTICE OF EXCESSIVE FORCE AND RATIFICATION PURSUANT TO 42 U.S.C. § 1983 AGAINST THE SEATTLE POLICE DEPARTMENT, THE CITY OF SEATTLE, JOHN DIAZ, AND DOE DEFENDANTS**

1.  As discussed above, the Seattle Police Department has a pattern and practice (i.e., custom and policy) of using excessive force against the citizens of Seattle.  This is the subject of a current DOJ investigation into the practices of the SPD.  The defendants also have a pattern and practice of ratifying the wrongful behavior of police officers, including ratification and cover up of

CARNEY
GILLESPIE
ISITT

CHRISTOPHER CARNEY
CHRISTOPHER.CARNEY@CGI-LAW.COM
100 W. HARRISON ST. SUITE N440
SEATTLE, WA 98119
206 445·0207
206 260·2486

the excessive use of force.  The defendants have repeatedly failed in their duty to properly intervene in cases of excessive force, or to discipline and supervise officers to change and control their behavior.

2.  This custom and policy created a systematic lack of accountability for police abuse of power that deprived Mr. Hoston of his constitutionally protected rights, and was the direct and proximate cause of damages to Mr. Hoston as alleged in this Complaint.

### F. STATE LAW CLAIMS OF ASSAULT AND BATTERY, OUTRAGE, NEGLIGENCE, AND THE NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST DEFENDANTS LEE AND ZIEGER

1.  Defendant Lee brutally assaulted Mr. Hoston, who had committed no crime and made no attempt to resist arrest.  After this brutal assault, Defendants Lee and Zieger compounded the harm to Mr. Lee by wrongfully arresting and incarcerating him.  There was no justification whatsoever for the assault on Mr. Hoston or for his arrest.

2.  This conduct was reckless, and cause severe emotional distress to Mr. Hoston.  This conduct was also negligent.  In additional to the federal claims outlined above, Mr. Hoston is therefore entitled to a finding of liability, and damages, based on state law claims of assault and battery, outrage, negligence, and the negligent infliction of emotional distress.

### VI. REQUEST FOR RELIEF

Plaintiff Hoston requests a judgment in his favor as follows:

1.  For an award of compensatory damages (including all general and special damages) available pursuant to federal and state law;

2.  For an award of punitive damages pursuant to federal and state law;

**COMPLAINT FOR DAMAGES** - Page 12 of 13

CARNEY
GILLESPIE
ISITT

CHRISTOPHER CARNEY
CHRISTOPHER.CARNEY@CGI-LAW.COM
100 W. HARRISON ST. SUITE N440
SEATTLE, WA 98119
206 445•0207
206 260•2486

3.  For an award of all attorney fees and costs incurred pursuant to 42 U.S.C. § 1988, and for statutory attorney fees and costs;

4.  For an apology from Defendant Lee and the Seattle Police Department;

5.  For any such further relief as the Court deems just and proper.


Dated this April 28, 2011.

Respectfully submitted,




___/S/_____
Christopher Carney, WSBA No. 30325
Sean Gillespie, WSBA No. 35365
Kenan Isitt, WSBA No. 35317
CARNEY GILLESPIE ISITT PLLP
Jay Carlson, WSBA No. 30411
Carlson Legal
Attorneys for Plaintiff D'Vontaveous Hoston

**COMPLAINT FOR DAMAGES** - Page 13 of 13

CARNEY
GILLESPIE
ISITT

CHRISTOPHER CARNEY
CHRISTOPHER.CARNEY@CGI-LAW.COM
100 W. HARRISON ST. SUITE N440
SEATTLE, WA 98119
T 206 445•0207
F 206 260•2486